UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CEDRIC YOUNG,<br><br>        Plaintiff,<br>v.<br><br>DEPARTMENT OF MENTAL HEALTH<br>AND ADDICTION, et al.,<br><br>        Defendants. | 3:08-CV-00649 (CSH) |

## INITIAL REVIEW ORDER

HAIGHT, Senior District Judge:

      Plaintiff Cedric Young ("Young"), incarcerated and *pro se*, has filed a Complaint [doc. #2] under 42 U.S.C. § 1983. After filing this action, Young filed two motions to amend his Complaint. The Court hereby grants Plaintiff's Motion For Leave To File Second Amended Complaint [doc. #9] and denies as moot the first Motion For Leave To File An Amended Complaint [doc. #8]. The operative complaint in this case will be the September 3, 2008 Amended Complaint [doc. #13].[1]

      The Defendants in the September 3, 2008 Amended Complaint (hereinafter the "Amended Complaint") are Brian Hicock, Mark Frayne, Bernadina, Nicole Quail, Patrick Ward, Milna Rosario, Jill Hagart, Jeffrey E. McGill and Valerie Light. All Defendants are named in

---

[1] The document filed on September 3, 2008 and captioned "Second Amended Complaint" [doc. #13] is actually the *third* amended complaint on the Court's docket. While it is not accompanied by a corresponding third motion to amend, given the apparent similarities between the "Second Amended Complaint" filed August 27, 2008 (dated August 9, 2008) and the "Second Amended Complaint" filed September 3, 2008 (also ostensibly dated August 9, 2008), the Court construes the document filed on September 3, 2008 to be the one upon which Plaintiff wishes to proceed.

their individual capacities only.

I.  **LEGAL STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, draw all inferences in the Plaintiff's favor, and interpret them liberally to raise the strongest arguments they suggest. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 & n.2 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

The Second Circuit has not addressed the way in which complaints by *pro se* plaintiffs should be construed in light of *Twombly*'s reformulated standard for the legal sufficiency of claims. Previously, dismissal was appropriate only if it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Abbas*, 480 F.3d at 639. While the "no set of facts" language was "unequivocally retire[d]" by the Supreme Court, *see Jones v. McMahon*, No. 5:98-CV-0374 (FJS/GHL), 2007 WL 2027910, *8 (N.D.N.Y. July 11, 2007) (questioning whether *Phillips* is still good law), the principles underpinning the

liberal construction of *pro se* complaints are as compelling as ever: "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## II.    ALLEGATIONS

In his Amended Complaint, Young alleges that he is "a prisoner with a history of psychiatric complications and in need of mental health treatment." Amended Complaint ¶ 3. He alleges that in the early months of 2008, he "contacted the defendants . . . repeatedly in verbal and written form . . . seeking mental health services for his serious needs at the [Northern Correctional Institution] and his claims of suicidal tendency." *Id.* ¶ 7. He further alleges that "[a] great portion" of these communications went "without reply from each of the defendants" or were "dismissed as childish." *Id.* ¶ 8. He further alleges that he was "the target of vicious and ongoing harassment, threats and taunting," *id.* ¶ 9, and that he attempted suicide as a result of the Defendants' actions. *Id.* ¶ 10. Finally, Young appears to allege that these acts have caused a further deterioration of his mental health as well as ongoing physical pain and emotional distress. *Id.* ¶ 11.

In the Court's view, these allegations certainly raise the possibility of a right to relief above the speculative level, and describe actions which could conceivably give rise to a viable claim of deliberate indifference to his serious mental health needs. Thus, this action will proceed against the named Defendants.

### III. APPOINTMENT OF COUNSEL

Young also seeks appointment of counsel in this case, in his Motion For Appointment Of Counsel [doc. #7].

The Second Circuit has made clear that the Court should assess the indigent person's efforts to obtain counsel, because "the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991).[2]

Young stated in his Motion For Leave To File Second Amended Complaint [doc. #9] that Inmates' Legal Assistance Program, which provides legal assistance to indigent inmates in civil rights cases, "advised the plaintiff" in making revisions to his Second Amended Complaint. In light of this representation, it appears that Young is able to obtain counsel, and his motion for appointment of counsel is therefore denied without prejudice. Plaintiff may refile his motion at a later stage of litigation if he can show that the legal assistance provided by Inmates' Legal Assistance Program is insufficient.

### IV. ORDERS

---

[2] It is worth noting that the text of the statute interpreted by the Second Circuit in *Hodge* was amended by the Prison Litigation Reform Act of 1996, P.L. 104-134 tit. VIII, 110 Stat. 1321-74 (1996). In that amendment, §1915(d)'s words "unable to *employ* counsel" were changed to "unable to *afford* counsel" in the current § 1915(e)(1) (emphases added). The reason for this change is unclear, but to attribute it any significance would minimize the utility and relevance of work already being done for a prisoner by a *pro bono* attorney or one who has agreed to work on a contingency basis. Since this could not have been the intent of Congress, I decline to attribute any significance to this change. *Cf.* Federal Judicial Center, Resource Guide for Managing Prisoner Civil Rights Litigation with special emphasis on the Prison Litigation Reform Act 36 (1996) ("This language is not significantly different from that of old section 1915(d), and thus pre-PLRA case law can provide guidance in interpreting the court's options and obligations."), *reprinted in* 2 Bernard D. Reams & William H. Manz, A Legislative History of the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1997).

The Court enters the following orders:

(1) Plaintiff Young's second Motion To Amend [**doc. #9**] is **GRANTED** and his first Motion to Amend [**doc. #8**] is **DENIED** as moot. All claims against Defendant Department of Mental Health and Addiction Services are considered withdrawn.

(2) **The Pro Se Prisoner Litigation Office shall** contact the Department of Correction Legal Affairs Unit to ascertain the full name for CSW Bernadina and the current work addresses for all defendants named in the Amended Complaint and mail a waiver of service of process request packet including the Amended Complaint to each Defendant in his or her individual capacity within **ten (10) business days** of this Order, and report to the Court on the status of those waiver requests on the **thirty-fifth (35) day** after mailing. If any Defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** send written notice to the Plaintiff of the status of this action, along with a copy of this Order.

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Amended Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) **Defendants shall** file their response to the Amended Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses available to them.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven (7) months** from the date of this Order, by June 3, 2009.  Discovery requests need not be filed with the Court.

(7)     All motions for summary judgment shall be filed within **eight (8) months** from the date of this order, on or before July 3, 2009.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     Plaintiff may not further amend his pleadings to include any additional claims or defendants without first obtaining permission from the Court.

(10)    Plaintiff's Motion For Appointment Of Counsel [**doc. #7**] is **DENIED** without prejudice.

It is SO ORDERED.

Dated: New Haven, Connecticut
       November 3, 2008

                                             /s/ *Charles S. Haight, Jr.*
                                             Charles S. Haight, Jr.
                                             Senior United States District Judge